UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANK SCAROLA,

                Plaintiff,

-vs-                                            Case No. 2:10-cv-677-FtM-29SPC

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR THE HOLDERS
OF GSAA HOME EQUITY TRUST 2004-10
ASSET-BACKED CERTIFICATES SERIES 2004-
10, COUNTRYWIDE MORTGAGE
CORPORATION, BANK OF AMERICA, all
associated trust funds relating to the three banks and
their executive officers, all employees or 1099's
who had any hand in assigning transferring or
otherwise disposing of original mortgage and note,

                Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This matter comes before the Court on the Plaintiff, Frank Scarola's Motion for Leave to File a Second Amended Complaint and Demand for Jury Trial (Doc. #41) filed on July 27, 2011. The Defendant Deutsche Bank filed its Response in Opposition (Doc. # 42) on August 10, 2011. The Motion is now ripe for the Court's review.

**FACTS**

        This case originally begin as a foreclosure action on July 12, 2007, with the Defendant Deutsche Bank filing a foreclosure compliant against the Plaintiff. The Plaintiff was personally served with the foreclosure action on July 14, 2007, but never filed a responsive pleading and a Clerk's Default was entered against him. A hearing was scheduled on the Defendant's Motion for

summary final judgment foreclosure on February 2, 2009. The Plaintiff appeared and was represented by Counsel at that hearing. The State Court granted summary judgment in favor of the Defendant at that hearing and issued a notice of foreclosure sale. After the Plaintiff's Counsel filed an emergency motion to set aside the foreclosure and judgment based upon pending loan modification negotiations, the foreclosure sale was re-scheduled for January 15, 2010. The Plaintiff then filed a motion to dismiss and to set aside the judgment. The State Court denied the Plaintiff's motions and the foreclosure sale went ahead as scheduled. The Plaintiff appealed, however, the appeal was voluntarily dismissed by the Plaintiff on August 17, 2010.

The Plaintiff subsequently filed the instant case in the Twentieth Circuit Court in and for Lee County, Florida. This case was removed from the State Court by the Defendant Deutsche Bank National Trust. On February 9, 2011, the District Court issued and Order to Show Cause (Doc. # 20), why the case should not be remanded for lack of subject matter jurisdiction. At that time, the District Court noted that the Plaintiff added Countrywide Home Loans, Bank of America and other unnamed Defendants but it was unclear if diversity jurisdiction still existed. The Court previously found that diversity jurisdiction existed when Plaintiff was only suing the Defendant Deutsche Bank National Trust. The Plaintiff now moves the Court to allow a second amended complaint to add Bank of America and Countrywide Home Loans as Defendants. The Plaintiff's original claim was for $240,000.00 plus costs and attorney's fees. He now seeks $10,449,000.00 in damages.

**DISCUSSION**

In his proposed Second Amended Complaint, the Plaintiff asserts that the banks have committed premeditated fraud when they falsely offered numerous refinance schemes. He also alleges he suffered a loss of his substantive and procedural due process rights, as well had his First,

Fourth, Fifth and Seventh Amendment rights violated.  The Defendant objects to the Plaintiff's Motion arguing that Plaintiff's Complaint is futile because his claims are all barred by claim preclusion and he failed to comply with Fed R Civ. P. 8 and 9(b).

Under rule 15(a), a party may amend the party's pleading as a matter of course within twenty-one (21) days after serving it or if the pleading is one which a responsive pleading is required twenty-one (21) days after service of the responsive pleading or twenty-one (21) days after service of a motion under Rule 12(b), (e), or (f) whichever, is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, the Party must seek leave of court or written consent of the adverse party in order to amend the pleading. Fed. R. Civ. P. 15(a)(2).  "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." Laurie v. Alabama Court of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001). However, pursuant to Fed. R. Civ. P. 15(a), timely motions for leave to amend are held to a very liberal standard and leave to amend should be freely given when justice so requires. Senger Brothers Nursery, Inc. v. E.I. Dupont De Nemours & Company, 184 F.R.D. 674, 678 (M.D. Fla 1999).  Thus, Rule 15(a) limits the court's discretion by requiring that leave to amend must be "freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962); Nat'l. Independent Theatre Exhibitors, Inc. v. Charter Financial Group, Inc., 747 F.2d 1396, 1404 (11th Cir. 1984). As a result, the Court must provide substantial justification if the Court denies a timely filed motion for leave to amend. Laurie, 256 F.3d at 1274. "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment.'" Id.

Therefore, before allowing the Plaintiff to amend, the Court must first take a preliminary look at his Complaint to determine whether or not the allegations are futile. Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).

### *(1) Whether Diversity Jurisdiction Exists*

Deutsche Bank removed the case to this Court base upon diversity of citizenship. The Plaintiff is a citizen of Florida and the Defendant Deutsche Bank is a national banking association with its principle place of business in New York. The Plaintiff added Countrywide Home Loans, Inc. and Bank of America as Defendants to his Amended Complaint. Countrywide Home Loans has its principal place of business in California, and Bank of America is a Delaware corporation with its principal place of business in Charlotte, North Carolina. Thus, all of the parties are diverse. The claim is for an amount in excess of $75,000.00. Thus, it appears that the Court does have diversity jurisdiction.

### *(2) Whether the Plaintiff's Constitutional Rights were Violated*

The Plaintiff alleged that his First, Fourth, Fifth and Seventh Amendment rights were violated by the Defendant's actions. Initially, the Court notes that the Plaintiff supported the claim that his civil and constitutional rights were violated by stating "certainly the Articles of the Bill of Rights contains verbage of the laws I claim the 3 banks have violated and serve [sic] as reasons to grant me a trial by jury."

Fed. R. Civ. P. 8(a)(2), states that a complaint must contain a "short plain statement of claim showing that the pleader is entitled to relief." Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusations."

Ashcroft v. Iqbal, —U.S.— ,129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of actions elements. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561- 563, S. Ct. 127 S. Ct. 1955, 167 L. Ed 2d 929 (2007) (aboragating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

Here, the Plaintiff does not even offer a reason for the stated violations other than a vague hope that "certainly the Articles of the Bill of Rights" offer a reason for his claim.  Thus, the Plaintiff's constitutional claims lack merit because they fail to state a claim.  Nevertheless the Court will review each claim.

*First Amendment*

The First Amendment applies to state and state-created entities by way of the Due Process Clause of the Fourteenth Amendment. Rich v. City of Jacksonville, 2010 WL 4403095 * 8 (M.D. Fla. March 31, 2010) (citing Holloman ex rel Holloman v. Harland, 370 F.3d 1252, 1268 (11th Cir. 2004)).  The Defendants are private banking institutions and not state-created agencies.  Even if one could argue that the banks are creatures of the State because they are chartered by and licensed by Federal and State governments, the Plaintiff's claim still fails.  The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech," and "Congress shall make no law respecting an establishment of religion . . . ." U.S. Const. Amend. I.  The Plaintiff makes no allegations that his freedom of speech was restricted by the banks actions and the establishment clause is totally irrelevant in this case.  Thus, the Plaintiff has failed to establish a First Amendment violation.

*Fourth Amendment*

The Fourth Amendment protects individuals from unreasonable governmental intrusion into their "persons, houses, papers, and effects." Swofferd v. Eslinger, 671 F. F. Supp. 2d 1289, 1301 (M.D. Fla. 2009). The Plaintiff fails to state a claim that there was governmental intrusion into his home.

*Fifth Amendment*

The Fifth Amendment provides that "[n]o person shall be. . .deprived of life, liberty, or the property without due process of law. . . ." U.S. Const. Amend. V. The Plaintiff does not specify the nature of the Fifth Amendment violation he alleges or provide any specific factual allegations to support a Fifth Amendment violation. Moreover, the Fifth Amendment does not pertain to private parties unless those parties are engaged in activity deemed to be state action. Allocco v. City of Coral Gables, 221 F. Supp. 2d 1317, 1371 (S.D. Fla. 2002) (citing Nat'l. Broad. Co. v. Commun. Workers of Am., 860 F.2d 1022, 1024 (11th Cir. 1988)). Here, the Plaintiff makes no allegation–nor is such an allegation viable– that the Defendant Banks were acting under color of state law so as to be deemed state actors. Pierson v. Orlando Regional Healthcare Systems, Inc., 619 F. Supp. 2d 1260, 1292 (M.D. Fla. 2009) (holding that "[c]onduct by a private entity is not fairly attributable to the state merely because the private entity is a business subject to extensive state regulation or affected with the public interest."). Thus, the Court recommends that the Plaintiff's Fifth Amendment claim is unavailing.

*Seventh Amendment*

The Seventh Amendment to the United States Constitution provides for a right to a jury trail in all suits at common law, where the amount in controversy exceeds twenty dollars. U.S. Const. Amend. VII.   Summary judgment was in favor of the Defendant in the State Court foreclosure action.  Summary judgment is entered when the pleadings and supporting materials show that, drawing all inferences in favor of the nonmovant, there is no genuine issue as to any material fact and summary judgment is proper as a matter of law. Andersen v. U.S., WL 2009 6633307 * 2 (S.D. Fla. October 21, 2009)(citing Fed. R. Civ. P. 56(c)).   In this instance, the State Court entered summary judgment in favor of the Defendant, and therefore, the Plaintiff's right to a jury trial was not violated since there was no genuine issue of material fact to present to the jury.

*(3) Whether the Defendants Committed Fraud*

Rule 9(b) of the Fed. R. Civ. P. requires that claims of fraud be pleaded "with particularity." This particularity requirement serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior. W. Coast Roofing & Waterproofing v. Johns Manville, Inc., 2008 WL 2845215 * 1 (11th Cir. August 20, 2009).

The Plaintiff alleges the Defendant committed fraud by: (1) falsely promising to modify the home loan in question; (2) denying him the opportunity to defend the foreclosure action by filing the assignment of mortgage and note with the clerk's office three days before the entry of judgment; (3) denying him the opportunity to defend the foreclosure action by filing the assignment of mortgage and note in the foreclosure action more than one year after the entry of judgment; (4) keeping secret the identities of the entities with an interest in the note; (5) withholding material information that

would have permitted him discovery; (6) failing to prove payment was due to Deutsche Bank.; and (7) wrongfully allowing the Lee County Clerk of Court to issue a Certificate of Title. Additionally he makes several allegations related to Deutsche Bank's status as a trust, and contends that it failed to pay the applicable fee to the Secretary of State and obtain the proper certificate to transact business in Florida. The Defendant states that the allegations are barred by claim preclusion and that they fail to satisfy the particularity requirement of Fed. R. Civ. P. 9(b).

The Plaintiff's fraud claims fail to state the necessary particulars as required by Fed. R. Civ. P. 9(b). The Plaintiff states the Banks committed fraud when they falsely offered a "refi opportunity which by operation of law they could not conclude." (Doc. # 41, ¶ 16). He further stated that during "these refi opportunities they committed multiple counts of fraud, institutionalized fraud, RICO violations, Respa, TARP, and TELA asset relief program home affordibiltiy modifications violations of the truth and lending act along with VA and sundrious [sic] state and federal laws, so far .......completely without immunity." (Doc. # 41, ¶ 16). While the Plaintiff makes numerous allegations, he provides no facts or particulars to support his claims. He merely makes numerous conclusory unsupported allegations. As such, the Plaintiff failed to comply with Fed. R. Civ. P. 9(b).

*Whether the Defendants Violated Florida Trust Law*

The Plaintiff states the Defendants violated Florida Statute (Chapter) 609 because they failed to pay the Secretary of State the applicable fee and failed to obtain "the proper certificatew [sic] totransact [sic] business in Florida." (Doc. # 41, § 8.6.7). Chapter 609 governs the actions of a common law trust in connection with "units, shares, contracts, notes, bonds, mortgages, oil or mineral leases or other security of such association. Fla. Stat. § 609.02. The Defendant responds that Fla. Chapter 609 does not place any restrictions upon a trustee of a trust holding a mortgage nor does

it prevent that trustee from taking actions to enforce a mortgage and/or note that it holds. Further the Defendant argues that there is no private cause of action under Chapter 609.

When a private right of action is not explicit in a statute the court may nevertheless find that the right is implicit. Northern Ins. Co. of New York v. Pelican Point Harbor, Inc., 2006 WL 1285078 *7 (N.D. Fla. May 5, 2006) (citing Welker v. Southern Baptist Hospital of Florida, Inc., 864 So.2d 1178, 1182 (Fla. 1st DCA 2004)). The Florida Supreme Court has held that whether there is civil liability for violation of a statute depends on legislative intent. Aramark Uniform and Career Apparel, Inc. v. Easton, 894 So.2d 20, 23 (Fla.2005); Murthy v. N. Sinha Corp., 644 So.2d 983, 985-86 (Fla.1994) (stating that "legislative intent ... should be the primary factor considered by a court in determining whether a cause of action exists when a statute does not expressly provide for one."); Florida Physicians Union v. United Healthcare of Fla., Inc., 837 So.2d 1133, 1137 (Fla. 5th DCA 2003) (observing that "[t]he courts of this state have long been reluctant to find the legislature intended private parties to have causes of action to enforce statutes ... without strong indication that was the legislature's intent."). In order to determine legislative intent, courts should primarily look "to the plain meaning of the statute." Aramark, 895 So.2d at 23. In the absence of evidence "of a legislative intent to create a private cause of action," the violation of a statute creates no civil liability. Murthy, 644 So.2d at 985.

In this instance, Chapter 609 states that "[a]ny person who shall violate any of the provisions of this chapter shall be guilty of a felony of the third degree . . . ." Thus, it is clear based upon the plain language of the statute that the Florida Legislature did not intend to create a right for a civil action under Chapter 609, because the law only provides for a criminal violation. Moreover, nothing in Chapter 609 prevents a trust from enforcing mortgage via foreclosure.

As such the Plaintiff has no claim under Chapter 609 and an amendment complaint that included such a claim would be futile.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Plaintiff, Frank Scarola's Motion for Leave to File a Second Amended Complaint and Demand for Jury Trial (Doc. #41) should be **DENIED**. Further it is respectfully recommended that the case should be **DISMISSED.** Whether the case should be dismissed with or without prejudice is left to the discretion of the District Court.

Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14) days** from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully Recommended** at Fort Myers, Florida, this ___15th___ day of August, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record