```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

FRANK SCAROLA,

           Plaintiff,

vs.     Case No. 2:10-cv-677-FtM-29SPC

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE HOLDERS OF GSAA HOME EQUITY TRUST 2004-10 ASSET-BACKED CERTIFICATES SERIES 2004-10, COUNTRYWIDE MORTGAGE CORPORATION, BANK OF AMERICA, all associated trust funds relating to the three banks and their executive officers, all employees or 1099's who had any hand in assigning transferring or otherwise disposing of original mortgage and note,

           Defendants.

_____

## OPINION AND ORDER

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #43), filed August 15, 2011, recommending that plaintiff's Motion for Leave to File a Second Amended Complaint and Demand for Jury Trial (Doc. #41) be denied and the case dismissed. After several extensions of time, plaintiff filed a Motion for Leave to File a Second Amended Complaint and Demand for a Jury Trial Filed on July 27, 2011 (Doc. #48), construed as objections to the Report and Recommendation.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. §

636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong. § 2 (1976)). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

On November 12, 2010, defendant Deutsche Bank National Trust Company, the only named defendant at the time, removed plaintiff's Complaint (Doc. #2) on the basis of diversity jurisdiction. Defendant filed a Motion to Dismiss (Doc. #12) and plaintiff filed an Amended Complaint (Doc. #19) adding Countrywide Mortgage Corporation and Bank of America as co-defendants. Finding

jurisdiction insufficiently pled with the addition of the defendants, the Court issued an Order to Show Cause (Doc. #20) directing the parties to indicate why the case should not be remanded for lack of subject-matter jurisdiction. Defendant again filed a Motion to Dismiss (Doc. #23) in response to the Amended Complaint.

On May 3, 2011, the Court issued an Order (Doc. #32) taking no further action on the Order to Show Cause based on plaintiff indicating that he "agrees with defendant that federal jurisdiction will continue to exist once the correct parties" are named, and granting plaintiff an opportunity to seek leave to file a Second Amended Complaint, with a proposed document attached listing the citizenship of all defendants. Initially, on July 12, 2011, the Magistrate Judge granted clarification on how to amend but denied the request for leave to amend because the Amended Complaint was insufficient. (Doc. #40.)

On July 27, 2011, plaintiff filed a "Motion for to Asecond Ammended Complaint and Demand for a Trial By Jury" (Doc. #41), which was construed to contain the proposed allegations for a Second Amended Complaint. Defendant filed a Response in Opposition (Doc. #42). On August 15, 2011, the Magistrate Judge issued a Report and Recommendation (Doc. #43) finding diversity jurisdiction was alleged and was present, but finding no viable constitutional claim could be alleged, finding that the claim of fraud was not

pled with sufficient particularity, and finding that plaintiff has no claim under Chapter 609 of the Florida Statutes that would not be futile. Based on these findings, it was recommended that the case be dismissed.

Plaintiff objects that his form may not be proper but that he is able to state a claim against the additional banks, and that he was not provided an opportunity to raise his claims of fraud in the state court proceedings. (Doc. #48, pp. 3-4.) Plaintiff objects that the federal government has failed to protect him and he was denied due process and a right to a jury in state court, and therefore his constitutional rights have been violated. (Id., ¶¶ 7-10.) Plaintiff also objects that it is the Court's responsibility to present the Chapter 609 violation to a prosecuting body. (Id., ¶ 13.) Plaintiff agrees that diversity jurisdiction exists. (Id., p. 5.)

After conducting an independent examination of the file and upon due consideration of the Report and Recommendation, the Court adopts the findings regarding jurisdiction to the extent that plaintiff may be able to demonstrate diversity jurisdiction, and otherwise rejects the Report and Recommendation at this stage of the proceedings. Although it is certainly unlikely that plaintiff could state a constitutional claim against a private bank[1] or a

---

[1]The United States is not named as a party in this case, and no allegations are made against any governmental entity, whether
(continued...)

civil claim under Chapter 609[2], plaintiff may be able to more specifically plead a claim of civil fraud[3] if permitted leave to amend.

The Court will grant the request to file an amended complaint and permit plaintiff to file a "Second Amended Complaint" naming the additional banks.  Plaintiff will also be granted additional time to execute service of process on these newly named defendants. To the extent that the allegations in the Second Amended Complaint are insufficient, defendants will have the ability to respond and file an appropriate motion.

Accordingly, it is now

**ORDERED**:

1. The Report and Recommendation (Doc. #43) is hereby **adopted in part and rejected in part** as follows:

A. The Court adopts the finding that diversity of jurisdiction and proper venue may exist based on the allegations in

---

[1](...continued)
state or federal.

[2]The applicable penalties are those designated for a third degree felony.  See Fla. Stat. § 609.06.

[3]Plaintiff references a "criminal conspiracy" and "massive international crime wave", Doc. #48, p. 3, however, plaintiff has not demonstrated that he has prosecutorial authority to bring a complaint for criminal conduct.

paragraphs 3 through 7 and assuming that plaintiff is also a "citizen" who is domiciled in the State of Florida[4];

    B.    The Court rejects the finding that an amendment would necessarily be futile at this stage of the proceedings as plaintiff may be able to state a claim if provided an opportunity to do so; and

    C.    The Court rejects the recommendation that the case be dismissed.

    2.    Plaintiff's "Motion for to Asecond Ammended Complaint and Demand for a Trial By Jury" (Doc. #41) is **GRANTED.**

    3.    Plaintiff may file a "Second Amended Complaint", containing all of his allegations, **on or before November 18, 2011.** Plaintiff shall execute service of process on the new parties within **SIXTY (60) DAYS** of this Order.

    **DONE AND ORDERED** at Fort Myers, Florida, this   3rd   day of November, 2011.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

---

[4]"In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile. Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974).

Copies:
Hon. Sheri Polster Chappell
United States Magistrate Judge

Counsel of Record
Unrepresented parties