```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

FRANK SCAROLA,

                Plaintiff,

vs.                      Case No. 2:10-cv-677-FtM-29SPC

DEUTSCHE BANK NATIONAL TRUST COMPANY
AS TRUSTEE FOR THE HOLDERS OF GSAA
HOME EQUITY TRUST 2004-10 ASSET-
BACKED CERTIFICATES SERIES 2004-10,
COUNTRYWIDE MORTGAGE CORPORATION,
BANK OF AMERICA, and all of each of
their associated trust funds,

                Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on Deutsche Bank National Trust Company, as Trustee's Motion to Dismiss Second Amended Complaint (Doc. #60) filed on March 1, 2012. Plaintiff filed a Response (Doc. #64) on May 2, 2012. For the reasons set forth below, the case will be dismissed.

**I.**

The Court will first address the procedural posture of this case. On November 12, 2010, defendant Deutsche Bank National Trust Company (Deutsche Bank), the only named defendant at the time, removed plaintiff Frank Scarola's (Scarola or plaintiff) Complaint (Doc. #2) on the basis of diversity jurisdiction. Defendant filed a Motion to Dismiss (Doc. #12) and plaintiff filed an Amended Complaint (Doc. #19) adding Countrywide Mortgage Corporation

(Countrywide) and Bank of America as co-defendants. Finding jurisdiction insufficiently pled with the addition of the defendants, the Court issued an Order to Show Cause (Doc. #20) directing the parties to indicate why the case should not be remanded for lack of subject-matter jurisdiction. Defendant again filed a Motion to Dismiss (Doc. #23) in response to the Amended Complaint.

On May 3, 2011, the Court issued an Order (Doc. #32) taking no further action on the Order to Show Cause based on plaintiff indicating that he "agrees with defendant that federal jurisdiction will continue to exist once the correct parties" are named, and granting plaintiff an opportunity to seek leave to file a Second Amended Complaint. Plaintiff sought clarification of the Court's Order and on July 12, 2011, the magistrate judge granted plaintiff's motion, explaining in detail plaintiff's responsibilities and obligations regarding the filing of a proper complaint pursuant to Fed. R. Civ. P. 8 and 10. (Doc. #40.) In the same Order, the magistrate judge denied plaintiff's motion for leave to amend complaint (Doc. #38) because the proposed Amended Complaint was insufficiently pled. (Doc. #40.)

On July 27, 2011, plaintiff filed a "Motion for to Asecond Ammended [sic] Complaint and Demand for a Trial By Jury" (Doc. #41), which was construed to contain the proposed allegations for a Second Amended Complaint. Defendant filed a Response in

Opposition (Doc. #42).  On August 15, 2011, the magistrate judge issued a Report and Recommendation (Doc. #43) finding diversity jurisdiction was alleged and was present, but finding no viable constitutional claim could be alleged, that the claim of fraud was not pled with sufficient particularity, and that plaintiff's claim under Chapter 609 of the Florida Statutes would be futile.  Based on these findings, the magistrate judge recommended that the case be dismissed.  (Id.)

Plaintiff filed objections (Doc. #48) and on November 3, 2011, the Court in an Opinion and Order (Doc. #49) adopted in part and rejected in part the Report and Recommendation.  The Court adopted the findings to the extent that plaintiff may be able to demonstrate diversity jurisdiction.  (Doc. #49.)  However, instead of dismissing the case, the Court allowed plaintiff another opportunity to file a "Second Amended Complaint" because "plaintiff may be able to more specifically plead a claim of civil fraud if permitted leave to amend."  (Id., pp. 4, 5.)  Plaintiff filed a Motion for a Second Amended Complaint (Doc. #51).[1]  On December 6, 2011, the magistrate judge issued an Order (Doc. #54) interpreting the motion as an amended complaint and finding that the proposed complaint failed to set forth the claim adequately.  In light of

---

[1] Plaintiff failed to follow the Court's instruction that "[p]laintiff shall execute service of process on the new parties within sixty (60) days of this Order."  (Doc. #49, p. 6.)  To date, plaintiff has not served defendants Countrywide and Bank of America.

-3-

plaintiff's *pro se* status, the Order once again explained the requirements for filing an adequate complaint pursuant to Federal Rules of Civil Procedure 8 and 10. (Id.)

On February 15, 2012, plaintiff again filed a Motion for a Second Amended Complaint (Doc. #58), which the Court construes as plaintiff's Second Amended Complaint. (Doc. #59)

**II.**

The Court now turns to the specific allegations of the Second Amended Complaint. Read liberally, as is required due to plaintiff's *pro se* status, Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003), the Second Amended Complaint alleges that defendant Deutsche Bank filed an improper foreclosure action against plaintiff in the Circuit Court of the Twentieth Judicial Circuit of Florida. (Doc. #58.) Plaintiff contends that the three defendant banks engaged in fraud by: (1) falsely promising a modification of plaintiff's mortgage; (2) hiding documents needed to put up a successful defense; (3) filing false and misleading documents; and (4) filing lawsuits without having the proper papers in hand. (Id.) Plaintiff also alleges that the banks: (1) violated plaintiff's civil rights under Amendments 1, 4, 5 and 7 of the Constitution; (2) committed a civil Racketeer Influenced and Corrupt Organizations (RICO) violation; and (3) violated Fla. Stat. § 609. (Id.) Additionally, plaintiff alleges numerous wrongs committed by the state court and individual judges, which he does

not name as defendants, in the foreclosure action including: (1) the refusal to grant plaintiff a jury trial; and (2) denying or failing to address various motions filed in the foreclosure action. (Id.) Plaintiff seeks an injunction, compensatory damages of $449,000, punitive damages of $10,000,000 and return of his property with free and clear title. (Id.)

### III.

Deutsche Bank seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) because the Second Amended Complaint fails to state sufficient facts to state any actionable claim.[2] In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007));

---

[2]Deutsche Bank also seeks dismissal under the doctrine of res judicata. (Doc. #60, pp. 5-6.) Because the Second Amended Complaint fails to state sufficient facts to state an actionable claim, the Court need not address this argument.

see also Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Although the Court, on multiple occasions, detailed the deficiencies of plaintiff's complaints and provided detailed instructions on how to cure the various deficiencies, the Second Amended Complaint does not conform to the pleading requirements of Federal Rules of Civil Procedure 8 and 10 by providing a short, plain statement regarding the relief sought. Although complaints are construed more liberally in *pro se* actions, Scarola is subject to the same law and rules of court as a litigant represented by counsel, including the Federal Rules of Civil Procedure. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Further, plaintiff's allegations concerning fraud again fail to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) which requires fraud allegations to be pled "with particularity."

The Court has gone through great lengths on more than one occasion to outline Scarola's responsibility to comply with the Federal Rules and provided him with specific instructions on how to

comply with such rules.  Despite this Court's efforts, plaintiff has again filed an insufficient pleading.

Accordingly, it is now

**ORDERED**:

1.  Deutsche Bank National Trust Company, as Trustee's Motion to Dismiss Second Amended Complaint (Doc. #60) is **GRANTED.**

2.  The Second Amended Complaint (Doc. #58) is **DISMISSED WITH PREJUDICE.**  The Clerk is **directed** to enter judgment accordingly, terminate any previously scheduled deadlines and pending motions and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>29th</u> day of October, 2012.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Pro se parties